UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDUARDO L. GUAJARDO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-352 |
| § | |
| BROOKS COUNTY JAIL, *et al*, § | |
| § | |
| Defendants. § | |

### AMENDED MEMORANDUM AND RECOMMENDATION
### TO DENY APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
### AND DISMISS CASE FOR FAILURE TO COMPLY WITH COURT ORDERS

Plaintiff Eduardo L. Guajardo, currently confined at the Brooks County Jail in Falfurrias, Texas, has filed this *pro se* civil rights complaint. (D.E. 1). On January 21, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. (D.E. 7).

Before the M&R was issued, Plaintiff had been instructed by the Court on two occasions to do one of the following in a timely manner: (1) pay the $350.00 filing fee for civil actions; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (D.E. 4, 5). Plaintiff was also warned on both occasions that his failure to comply with the Court's instructions may result in his case being dismissed for want of prosecution. On January 22, 2020, the Court received Plaintiff's incomplete application to proceed IFP. (D.E. 8).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). In his application, Plaintiff failed to follow the instructions and failed answer any question on page 2 of the application. (D.E. 8, p. 2). Further, Plaintiff failed to attach to his IFP application a certified copy of his inmate trust fund account. Plaintiff, therefore, has not complied with court orders requiring him to submit the requested inmate trust fund account information in support of his IFP application. He has been previously advised that this action may be dismissed for want of prosecution if he fails to comply with a court order. Dismissal remains warranted under these circumstances.

Accordingly, the M&R issued on January 21, 2020 is **AMENDED** to reflect Plaintiff's filing of his IFP application. Nevertheless, it is respectfully recommended that this Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

ORDERED this 13th day of February, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).